[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Bowling Green Municipal Court which refused to grant defendant-appellant credit for time served on electronically monitored house arrest when it reimposed his original suspended sentence because of a violation of his contract for electronically monitored house arrest. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is assigned to the accelerated calendar.
The relevant facts pertaining to the issue raised in this appeal are as follows. On November 13, 1996, appellant entered no contest pleas and was found guilty of two counts of assault in violation of R.C. 2903.13, misdemeanors of the first degree. On January 24, 1997, the trial court sentenced appellant to ten days to be served on alternating weekends and one hundred twenty days under electronically monitored house arrest. On April 22, 1997, after serving seventy-six days of electronically monitored house arrest, appellant was removed from the house arrest program for violating his agreement to comply with certain financial requirements. The trial court refused to give appellant credit for the time served under house arrest and imposed the original suspended sentence of one hundred eighty days.
Appellant filed a timely notice of appeal and asserted the following assignment of error:
 "THE TRIAL COURT ERRED IN NOT GRANTING CREDIT FOR TIME SERVED ON EMHA, WHEN IT REIMPOSED HIS ORIGINAL SUSPENDED SENTENCE OF 180 DAYS."
Section 2929.23 provides in relevant part:
 "(B)(1) * * * in return for receiving a period of electronically monitored house arrest, to enter into a written contract with the court agreeing to comply with all restrictions and requirements imposed by the court, agreeing to pay any fee imposed by the court for the costs of the electronically monitored house arrest imposed by the court pursuant to division (E) of this section, and agreeing to waive the right to receive credit for any time served on electronically monitored house arrest toward any prison term or sentence of imprisonment imposed upon the eligible offender for the offense for which the period of electronically monitored house arrest was imposed if the eligible offender violates any of the restrictions or requirements of the period of the electronically house arrest, * * *.
 "(2) If an eligible offender violates any of the restrictions or requirements imposed upon the eligible offender as part of the eligible offender's period of the electronically monitored house arrest, the eligible offender shall not receive credit for any time served on electronically monitored house arrest toward any prison term or sentence of imprisonment imposed upon the eligible offender for the offense for which the period of electronically monitored house arrest was imposed."
After carefully reviewing the record in this case, we do not find that appellant executed a contract under which he agreed to waive credit for time served under electronically monitored house arrest pursuant to the requirements of R.C. 2929.23(B)(1). Therefore, appellant's sole assignment of error is well-taken.
The judgment of the Bowling Green Municipal Court is reversed and this matter is remanded to the trial court for resentencing consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.